PER CURIAM.
The Judicial Qualifications Commission has recommended that we impose a public reprimand upon Judge John H. Shearer.
The recommendation stems from a charge that the judge was guilty of conduct unbecoming a member of the judiciary when he was interrogated by a police officer during an investigation of an accident causing property damage. The truck involved in the accident was driven from the scene before the police arrived, but was later located and identified as belonging to the judge. When questioned, the judge admitted ownership of the vehicle and supplied all information requested except the identity of the vehicle’s driver. Rather than identify the driver, Judge Shearer asserted his fifth amendment rights.
During the interrogation the judge made several comments, the intent of which is in dispute. The gist of his comments was that he is a judge between 8:00 a. m. and 5:00 p. m., and a private citizen during the remaining hours. Also, he told the police officer that if the police had sufficient evidence against him, he should be arrested. The officer stated that Shearer added, “If not, leave me alone.” Shearer disputes this.
The focus of the findings and conclusions of the Judicial Qualifications Commission is that Shearer’s comments reflected a failure to appreciate that his judicial responsibilities are not limited to office hours. Shearer replies that he merely intended to urge the policeman to treat him as any other citizen and not to give him special treatment because he is a judge.
The circumstances described by the Judicial Qualifications Commission are legally insufficient to warrant a public reprimand. The conduct for which the judge was found guilty of conduct unbecoming a member of the judiciary arose out of his valid assertion of fifth amendment rights. The case is thus governed by Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967), which holds that the protections of the self-incrimination clause of the fifth amendment extend to members of the legal profession. This is not a case in which a public official refuses to answer questions “specifically, directly, and narrowly relating to the performance of his officiaT duties as distinguished from his beliefs or other matters that are not within the scope of the specific duties which he undertook faithfully to perform as part of his employment by the State.” Id. at 519, 87 S.Ct. at 630 (Fortas, J., concurring).
*MLI Accordingly, these proceedings are hereby dismissed.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD and SUNDBERG, JJ., concur.
OVERTON and ALDERMAN, JJ., dissent.